In the Matter of the Estate of CARL SCHOEPPY, Deceased.

Surrogate's Court, Bronx County, February 1, 1935.

*William Diebold*, for the petitioner.

HENDERSON, S. The petitioner seeks a construction of certain portions of the decedent's will in order that it may be determined whether or not it contains a power of sale which she may exercise and asks that a sale of the testator's real property be directed, if his will be construed to contain no valid present power to sell such realty or if she cannot now exercise such power.

The testator died less than two years after the execution of his will. He left personalty valued at less than $600, and two parcels of mortgaged real estate. His funeral expenses and debts exceed $3,000.

The corporate executor and trustee named by the testator renounced such appointments and letters of administration with the will annexed were duly issued to the petitioner.

Although the will does not use the words " to sell " in connection with the express grant of powers relating to realty, it is obvious that the testator intended to grant such power from the language he used in the following paragraph:

" *Eleventh.* I hereby nominate, constitute and appoint the Chase National Bank as executor and trustee of this my last Will and Testament, and hereby authorize and empower the said Chase National Bank to execute and deliver any and all conveyances, deeds or other instruments that may be necessary or proper to transfer said property or to carry out the intention of the provisions of this Will.

" And I further give and grant unto said executor and trustee full power and authority to mortgage or lease any and all of my real estate or any interest therein."

Such intention is further demonstrated by the testamentary directions in the eighth paragraph, that six of the seven general legacies of money " be not payable until my real estate is sold " and that interest be paid upon such bequests. That paragraph also contains the following sentence: " However, I direct that my executor and trustee retain the said real estate as long as shall be practicable, and that the said trustee shall not sell the same when the market price is low but retain the same until a satisfactory price can be obtained in selling said premises."

The testator intended that his legatees should receive their bequests and that his executor should sell his realty in order to pay them.

I find that the testator intended to give his executor and trustee full power to sell the realty and that the testamentary plan cannot be carried out without the exercise of such power either by the named fiduciary or by its successor or substitute.

The testamentary restriction against a sale " when the market price is low " is controlled by the other factors contemplated by the testator. It does not, nor was it intended to, prevent or prohibit a sale when it became no longer " practicable " to retain the realty or when a " satisfactory " price could be obtained for the realty.

The direction for the payment by the executor of funeral expenses and just debts is one of the " provisions " of the will for the carrying out of which the testator gave the power of sale.

I hold that there is a mandatory power of sale under the will which is not personal to the corporate executor named therein, and that the administratrix with the will annexed is now vested with

such power, subject only to the exercise of sound business judgment as to the time when it is no longer " practicable " to retain either or both parcels of the realty and as to the " satisfactory price " therefor.

The facts alleged in the petition to which no answer or objections have been filed, demonstrate that further retention of the realty is no longer " practicable," and I so find. However, I will not direct any sale as I have concluded that the petitioner has ample power to sell any or all of the testator's realty under the provisions of the will.

Submit decree accordingly.